# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

RYAN CORNELIUS RUMPH,     :
                           :

     **Petitioner,**     :

                           :     **NO. 5:21-CV-000437-MTT-CHW**

     **VS.**     :

                           :

**SUPERIOR COURT OF HOUSTON**  :
**JUDICIAL CIRCUIT,**     :

                           :

     **Respondent.**     :

_____  :

## ORDER

*Pro se* Petitioner Ryan Cornelius Rumph, an inmate at the Rutledge State Prison in Columbus, Georgia, has filed a pleading that has been docketed as a 28 U.S.C. § 2254 habeas petition.   ECF No. 1.   Petitioner is challenging his 2012 conviction in the Houston County Superior Court.   *Id*. at 1.   His request for relief is for this Court to "vacate designation of record" and award him monetary damages.[1]   *Id*. at 13.   Petitioner is hereby advised that habeas corpus claims requesting release from custody and civil rights claims

---

[1] Petitioner has also filed a Houston County Superior Court "Demand for a Speedy Trial" and requests that this Court order the Superior Court of Houston County to set him a hearing date for his pleadings pending in that Court.   ECF No. 1-1.   However, this is a request for relief that is unavailable in a federal court.   *See Moye v. Clerk, DeKalb Cty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (citations omitted); *Lawrence v. Miami-Dade Cty. State Att'y Office*, 272 F. App'x 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.").

requesting monetary damages may not be presented together in a single pleading.   Because Petitioner has appeared to have done so here, the Petitioner must recast his complaint.

As a general rule, "a challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under [42 U.S.C.] § 1983 . . . ."   *McKinnis v. Mosely*, 693 F.2d 1054, 1057 (11th Cir. 1982) (per curiam) (quoting *Johnson v. Hardy,* 601 F.2d 172, 174 (5th Cir. 1979)).   "Federal habeas corpus relief is appropriate when a petitioner alleges that his custody itself is illegal."   *Jones v. Augusta State Med. Prison*, No. CV 313-012, 2013 WL 1736782, at *1 (S.D. Ga. Mar. 21, 2013) (citing *Prieser v. Rodriguez*, 411 U.S. 475, 484 (1973)).   "[W]hen a prisoner alleges that he has been deprived of his rights under federal law by prison officials, the proper cause of action is § 1983."   *Id.* (citing *McKinnis,* 693 F.2d at 1057).   Monetary damages are available in a § 1983 action but not in a habeas action.   *See Preiser*, 411 U.S. at 493, 500.   Release is not available as a remedy in a § 1983 action.   *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

If Petitioner is challenging the fact or validity of his confinement and seeks his release, then Petitioner must recast his Complaint on the Court's standard § 2254 form petition for federal habeas corpus relief.   Petitioner is advised that his petition is subject to the exhaustion doctrine.   *See* 28 U.S.C. § 2254(b).   In other words, a petitioner is required to exhaust all available state remedies before he may go forward with an action in federal court.   *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required

"in all habeas cases").   A petitioner generally "cannot satisfy the exhaustion requirement if . . . he has failed to avail himself of 'any available procedure' by which he has the right to raise his claim in state court." *Gore v. Crews*, 720 F.3d 811, 815 (11th Cir. 2013) (per curiam).

If Petitioner instead wishes to complain about the events surrounding his arrest, conviction, or the conditions of his confinement and seek damages, he should recast his Complaint on the Court's § 1983 form.

However, Petitioner is advised that this Court may be presently barred from hearing a § 1983 claim regarding his conviction.   The United States Supreme Court has held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck,* 512 U.S. at 486-487.

The Clerk of Court is **DIRECTED** to forward Petitioner a copy of the § 2254 and § 1983 forms.   If Petitioner wishes to challenge his conviction and seek release, then he should submit his pleading on the § 2254 form.   If instead, the Petitioner wants to complain of a civil rights violation and seek damages, then he should submit his claim on the § 1983 form.   Conversely, if Petitioner wants to pursue both a habeas corpus claim and a § 1983 claim then he must file separate actions for the different type of claims and pay

the filing fees for each.   Petitioner should include this civil action number on only one of the recast complaints and the other claim will be assigned a new civil action number since it is a separate suit.

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his Complaint on the appropriate form.   The recast pleading shall supersede (take the place of) his initial pleading The Court will not look back at his initial pleading to determine whether Petitioner has an actionable federal claim.

In addition, Petitioner did not pay any sort of filing fee in this action or file a motion to proceed without the prepayment of the filing fee.   The filing fee for a habeas corpus petition is $5.00; the filing fee for a § 1983 case is $402.00.   Accordingly, Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to file a motion to proceed without the prepayment of the filing fee or pay the required filing fee for the type of claim he submits.   The Clerk is **DIRECTED** to mail Petitioner a copy of the standard motion to proceed without prepayment of fees and affidavit and account certification form for this purpose.   A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

To reiterate, Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to (1) recast his Complaint on the appropriate form and (2) pay the appropriate filing fee or file a complete motion for leave to proceed *in forma pauperis* which includes a

4

certified copy of his inmate trust account for the preceding six months.

While this action is pending, Petitioner must also immediately inform the Court in writing of any change in his mailing address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's pleadings.** There will be no service of process in this case until further order.

**SO ORDERED AND DIRECTED**, this 10th day of January, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge