IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RYAN CORNELIUS RUMPH, | : |
| Petitioner, | : |
| | : NO. 5:21-CV-000437-MTT-CHW |
| VS. | : |
| SUPERIOR COURT OF HOUSTON JUDICIAL CIRCUIT, | : |
| Respondent. | : |

# ORDER

*Pro se* Petitioner Ryan Cornelius Rumph, an inmate at the Rutledge State Prison in Columbus, Georgia filed a document that was docketed as a habeas petition. ECF No. 1. Petitioner did not pay the filing fee or submit a motion to proceed *in forma pauperis*.

On January 10, 2022, the Court ordered Petitioner to recast his complaint and provided instructions regarding how to do so. ECF No. 3. Petitioner was also ordered to either file a motion to proceed *in forma pauperis* or pay the appropriate filing fee. *Id*. Petitioner was given fourteen (14) days to respond. *Id*. Petitioner did not respond.

Therefore, on February 10, 2022, Petitioner was ordered to show cause why his petition should not be dismissed for failure to comply with this Court's order to recast his complaint and address the filing fee. ECF No. 4. Petitioner subsequently submitted a recast petition. ECF No. 5. However, Petitioner did not pay the filing fee or file a motion to proceed *in forma pauperis* as instructed. Moreover, a notice sent from the Clerk of Court to the Petitioner was returned as undeliverable with a handwritten notation of "not

here" on the envelope. *See* ECF No. 6.

On March 4, 2022, out of an abundance of caution, the Court issued a Second Order to Show Cause instructing the Plaintiff to address the filing fee or this action would be dismissed. ECF No. 3. On March 8, 2022, Petitioner filed a duplicative habeas petition challenging the same 2012 Houston County Superior Court conviction which was docketed as a new civil action. *See* Case No. 5:22-cv-000097-TES-TQL, *Rumph v. Houston Judicial Circuit*. With that subsequent habeas petition, Plaintiff filed an incomplete motion to proceed *in forma pauperis*. *Id*. at ECF No. 2. Pursuant to Eleventh Circuit precedent,[1] Case No. 5:22-CV-97-TES-TQL was ordered to be administratively closed and consolidated into the present case as a motion to amend the Petitioner's existing habeas petition. *Id*. at ECF No. 5; ECF No. 9.

On January 10, 2022, Petitioner was advised by this Court that any motion to proceed *in forma pauperis* must include a certified copy of Plaintiff's inmate account statement for the preceding six months. ECF No. 3 at 4. More specifically, the Court instructed the Petitioner that "[a] prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) 'a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint.' 28 U.S.C. § 1915(a)(1)-(2)". *Id*. Plaintiff did not

---

[1] *Daker v. Toole*, 736 Fed. Appx. 234, 235–36 (11th Cir. 2018) ("where a new pro se petition is filed before the adjudication of a prior petition is complete, the new petition should be construed as a motion to amend the pending petition rather than as a successive application." (citations omitted)); *Cf., e.g., U.S. v. Williams*, 185 F. App'x 917, 919 (11th Cir. 2006) (per curiam) (noting that § 2255 petition filed while prior petition was still pending should have been construed as a motion to amend prior petition)

submit his account statement as ordered but instead submitted a prison store receipt from March 1, 2022 that indicates expenditures of almost twenty dollars on discretionary items including soups, sodas, drink mix, and a sketch pad.  *Id*. at 4.  Based on this receipt, it appears that Plaintiff more than likely can afford the $5.00 habeas filing fee.  However, if Plaintiff wants to continue his pursuit of leave to proceed without payment of this filing fee then he must submit a certified copy of his inmate trust account for the preceding six months as previously ordered and as required by 28 U.S.C. § 1915(a)(1)-(2).  Plaintiff may also withdraw his petition to proceed *in forma pauperis* and pay the $5.00 habeas filing fee instead.

Accordingly, Petitioner is **ORDERED** to properly address the filing fee either by filing the statutory documents as described above or by paying the $5.00 filing fee within **FOURTEEN (14) DAYS** of this order or this action will be dismissed. In the meantime, there shall be no service of process upon any Respondent.

**SO ORDERED**, this 12th day of April, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge