IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RYAN CORNELIUS RUMPH,** :<br>:<br>Petitioner, :<br>: NO. 5:21-CV-000437-MTT-CHW<br>VS. :<br>:<br>**WARDEN DESHAWN JONES,**[1] :<br>:<br>Respondent. :<br>: | |

### ORDER

*Pro se* Petitioner Ryan Cornelius Rumph, an inmate at the Rutledge State Prison in Columbus, Georgia, filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus and an amended habeas petition challenging his 2012 conviction in the Superior Court of Houston County, Georgia. ECF Nos. 1 and 10. Petitioner has now paid his filing fee.

A motion for the appointment of an attorney has been filed by the Petitioner. ECF No. 16. As this is Petitioner's first request for counsel, the Court advises Petitioner that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be

---

[1] On his 28 U.S.C. § 2254 form, Petitioner named the Superior Court of Houston Judicial Circuit as the Respondent. However, Rule 2 of the Rules Governing Section 2254 cases in the United States District Courts provides that "if the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Petitioner is incarcerated in the Rutledge State Prison, and the warden of that facility is Deshawn Jones. Therefore, the Court has corrected the style of this case to show Warden Deshawn Jones as the correct Respondent. The Clerk is **DIRECTED** to correct the Docket accordingly.

provided, the Court considers, among other factors, the merits of Petitioner's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2] In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Petitioner has set forth the essential factual allegations underlying his claims, and that the applicable legal doctrines are readily apparent. As such, Petitioner's Motion for Appointment of Counsel (ECF No. 16) is **DENIED**. Should it later become apparent that legal assistance is required in order to avoid prejudice to Petitioner's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Petitioner to file additional requests for counsel.

It is **ORDERED** that, within thirty (30) days of the date of this order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition. If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

compliance with Rule 5 of the Rules Governing Section 2254 Cases. Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court. Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF. A copy of this Order shall also be served on the *pro se* Petitioner. Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 12th day of May, 2022.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge