**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **RYAN CORNELUS RUMPH,** ) | |
| ) | |
| ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:21-CV-437 (MTT)** |
| ) | |
| **Warden DESHAWN JONES,** ) | |
| ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**ORDER**

On June 6, 2023, the Magistrate Judge recommended denying petitioner Ryan Cornelus Rumph's motion to "reopen" his previously dismissed Section 2254 petition. Doc. 34.  After the time for filing objections passed, the Court adopted the Magistrate Judge's recommendation, reviewing it for clear error.  Doc. 35.  Now—31 days after the deadline—Rumph objects.  Doc. 36.  The Court construes Rumph's untimely objection as a motion for reconsideration of the Court's prior Order (Doc. 35).

Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice."  M.D. Ga. L.R. 7.6.  Indeed, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly."  *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted).  It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law."  *Id*.  "In order to demonstrate clear error, the party

moving for reconsideration must do more than simply restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).  Here, Rumph has not pointed to any intervening change in the law, newly discovered evidence, or clear error by the Court.  Thus, Rumph's motion for reconsideration is **DENIED.**

Furthermore, even if Rumph's objection had been timely, the result would be the same.  The Court denied Rumph's Section 2254 petition for failure to exhaust state remedies.  Doc. 31.  Rumph then moved to "reopen" his case.  Docs. 33.  The Magistrate Judge recommended denying the motion because "nothing in the record or the motion suggests that [Rumph] has resolved the exhaustion issues that formed the basis for dismissing" his Section 2254 petition.  Doc. 34 at 2.  Rumph's objects to the recommendation "based on not being informed exactly what state remedy is to be exhaust[ed]."  Doc. 36 at 6.  But the Recommendation clearly stated that because Rumph had not exhausted state level challenges to his conviction, such as his right to directly appeal his conviction to the Georgia Court of Appeals or file a state habeas corpus action, his Section 2254 action was premature.  Docs. 34 at 2; 30 at 2.  Thus, Rumph's objection is meritless.

In conclusion, the Court construes Rumph's untimely objection (Doc. 36) as a motion for reconsideration, which is **DENIED**.  But even if Rumph had timely objected, the Court still would adopt the Recommendation.  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviewed de novo the portions of the recommendation to which Rumph

-3-

objected.  The Court still accepts and adopts the findings, conclusions, and

recommendations of the Magistrate Judge.

      **SO ORDERED**, this 28th day of July, 2023.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
